## FEIN *v.* THE UNITED STATES.

CRIMINAL PROCEDURE.—An indictment having been found against the plaintiff in error under the section of the U. S. statutes which provides: "And any brewer who shall neglect to keep books, * * * * shall for every such neglect forfeit and pay the sum of three hundred dollars:" *Held*, on the hearing of the cause in this court, that the prosecution should have proceeded by civil action, and not by indictment.

ERROR to the Second District Court.

This cause came on for trial in the district court of the second judicial district, upon an indictment against John J. Fein, charging him with having violated the revenue laws of the United States by a failure to keep certain books correctly, that by said revenue laws all brewers are required to keep.

The defendant demurred to the indictment, on the ground that it did not state facts sufficient to constitute an offense punishable by the laws of the United States. The demurrer was overruled, and the defendant entered a plea of not

guilty. The cause was tried, a verdict of guilty returned, and Fein was sentenced by the court to pay a fine of three hundred dollars.

The errors relied on by counsel for plaintiff in error were: 1. Overruling the demurrer; 2. The refusal of the court to permit the prisoner to testify in his own behalf.

*M. C. Brown,* for plaintiff in error:

I. Overruling defendant's demurrer to the indictment.

II. The refusal by the court to grant a new trial as prayed for in his said motion, and herewith the refusal of the court to allow the defendant, now plaintiff in error, to testify to or to make a statement to the jury.

As to the demurrer, the court evidently erred, because the statute of the United States does not declare the failure to keep books, to be either a felony or a misdemeanor: See U. S. Statute under which indictment was found, p. 104, sec. 21 of Rev. Law. The same law provides that brewers shall give a certain bond, one of the conditions of which said bond is, the books referred to, to be kept by law, shall be correctly kept, etc.: See U. S. Rev. Stats. p. 102, sec. 17. The law claimed to support this indictment simply provides that if brewers fail to keep certain books, etc., they shall forfeit and pay the sum of three hundred dollars: See statutes before referred to.

It will be seen the law neither declares this act to be a crime or misdemeanor, or fixes a fine to be imposed. There is a wide distinction in the meaning of the words, fine and forfeiture, used in law. In criminal law, says Bouvier: "Fine is pecuniary punishment imposed by a lawful tribunal upon a person convicted of a crime or misdemeanor:" 1 Bouvier's Law Dic. 589. It is the end of a suit, and never imposed until after trial. A forfeiture under the English law, made without trial. It is a recompense for wrong that a person or the public, together with himself, hath sustained: 2 Black. 267.

Under article III, section 8, constitution and the laws of the United States (Act of 1790, sec. 24), forfeiture for crimes is nearly abolished. It will be observed that while the constitution enacts that "excessive fines" shall not be imposed, there is no such restrictions as to forfeitures: See Amendment to Constitution, art. 8.

Again, it will be observed that this statute is enacted by the United States as a revenue law, and not as a penal statute. It is only penal as to certain parts, and where so clearly and definitely expressed. No crime can be created by a statute by inference, presumption or construction: Bish. Stat. Crim. 220. Where there is a doubt whether it was the intention of the law maker, by the language of the statutes to create a crime, the party accused should have the benefit of the doubt: Bishop's Crim. Law, vol. 1, sec. 249.

As brewers are required to give bonds, and one ground of forfeiture of bonds is a failure to keep these books, can it be fairly claimed that it was the purpose of the law-making power to fix an additional penalty for so simple an offense. The bond stands as a contract between the United States and Fein and his sureties; if the indictment in this case is sustained, Fein and his sureties could be sued in a civil action on his bond, and in addition to the forfeiture of three hundred dollars and costs of this suit, he might be compelled to pay the penalty of the bond fixed at five hundred dollars. Certainly Fein could not plead the judgment in a criminal prosecution as a bar to suit on bond. Clearly the sum of eight hundred dollars as a fine or penalty for an act so trivial in itself would be considered excessive under the constitution, and not permitted.

Again, it will be observed that the revenue law provides that when complaint is made to recover a forfeiture imposed by the statute on information of any person, the defendant may testify: See U. S. Rev. Law, sec. 179, p. 124; also, sec. 41, p. 123. It is true, this is in a civil action, but we claim that a forfeiture of the character referred to in the

indictment can be recovered in a civil action only, and not by indictment and criminal prosecution.

In this action it is attempted to recover a forfeiture, and where a forfeiture is to be recovered, the law allows the defendant to testify. In this case, he was not permitted to testify, and we say the ruling of the court as to thus excluding the defendant, now the plaintiff in error, from this privilege, was erroneous, not under the general rules of criminal evidence, but because of the misapplication of the law in sustaining the indictment, and, therefore, applying the rules of criminal evidence to this case, and thereby deprived the defendant, now plaintiff in error, of this right and privilege, clearly intended to be given by the law in such case.

*E. P. Johnson*, for defendant in error.

The errors relied on are: 1. Overruling demurrer to the indictment; 2. The refusal to permit defendant to testify or make a statement under the territorial law.

This law provides for its violation a punishment. It need not declare the violation to be either felony or misdemeanor. The penalty may be recovered in a civil action possibly, but that does not bar a criminal prosecution. The remedies are cumulative: 1 Whart. Cr. Law, sec. 10; 15 Wend. 267. The second error depends on the first.

By the Court, CAREY, J.: The plaintiff in error at the August term of the district court of Albany county was indicted, tried and convicted, and sentenced to pay and forfeit to the United States the sum of three hundred dollars for neglecting to keep books as a brewer, as is required by law. A number of exceptions to the rulings of the court below were taken, and are assigned as error, but the only question relied upon by the plaintiff in error is, whether an indictment is the proper proceeding to recover the forfeiture to which the plaintiff in error will be subjected if the judg-

ment of the district court is permitted to stand. Section 19 of the act of June 6, 1872, Internal Revenue Laws, compilation of 1873, pages 103 and 104, provides that brewers, among other things, keep certain books. Section 21 of same act referring to section 19, provides that the failure and refusal to do, or cause to be done, any of the things required by law, shall subject the offender to the forfeiture of all the liquors, utensils, etc., used in making the same, and make him liable to a penalty not less than five hundred dollars, nor more than one thousand dollars, to be recovered with costs of suit, and such offender shall be guilty of a misdemeanor, and shall be imprisoned for a term not exceeding one year. An additional sentence of said section provides: "And any brewer who shall neglect to keep books, * * * shall, for every such neglect, forfeit and pay the sum of three hundred dollars." It is admitted that it was under this sentence of the section that the plaintiff in error was indicted, tried and convicted, and sentenced to pay the forfeiture.

While we are of the opinion that under the said sections 19 and 21 it is a misdemeanor for a brewer to neglect to keep the books required by said section 19, we are also of the opinion that on conviction for such misdemeanor the punishment inflicted must be imprisonment for a term not exceeding one year, and that the penalties and forfeiture therein provided must be recovered, if at all, in civil actions: See section 179, page 124, Internal Revenue Compilation, 1873 (section 9 of act of July 13, 1866).

Judgment of the district court reversed, and case remanded for further proceedings.